OCT 10 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 9 1997
NANCY DOHERTY, CLERK
By _____ Deputy

CHARLES FREEMAN and )
ROSALYN BROWN, )
 )
        Plaintiffs, )
 )
    v. )  Case No. 3-96-CV-1108-DES
 )
CITY OF DALLAS, )
 )
        Defendant. )
 )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion to Alter or Amend Judgment (Doc. 60).

Fed. R. Civ. P. 59(e) allows for motions to alter or amend judgment if filed within ten days after entry of the judgment. The purpose of Fed. R. Civ. P. 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. International Fidelity Insurance Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), aff'd., 735 F.2d 1367 (7th Cir. 1984)). Because Fed. R. Civ. P. 59(e) does not list specific grounds to alter or amend judgments, a district court has considerable discretion in deciding whether to grant the motion. 11 CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2810.1 (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993)). Factors a district court may consider include: (1) whether the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) whether reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in controlling law. *Id.* Reconsideration of a judgment, however, is an extraordinary remedy which should be used sparingly. *Id.* Fed. R. Civ. P. 59(e) motions should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Id.*

Plaintiffs move the court to alter or amend its August 13, 1997 judgment in which the court disallowed prejudgment interest and declined to enjoin the City of Dallas ("City") from maintaining a lien on plaintiffs' property to recover the costs of demolition. Plaintiffs contend that plaintiffs' counsel misstated the law governing the award of prejudgment interest in their motion for judgment. Plaintiffs point out that state law governs the award of prejudgment interest in 42 U.S.C. § 1983 actions, and argue that Texas law provides that judgments in property damage cases must include prejudgment interest. Plaintiffs also contend that the court erred by allowing the lien to stand because it requires the

AO 72A
(Rev.8/82)

plaintiffs "to pay for the unconstitutional demolition" or hold the land with a cloud on the title.

As an initial matter, the court notes that plaintiffs are advancing arguments that could have been raised before entry of judgment. Motions to alter or amend a judgment, however, "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Accordingly, plaintiffs' arguments are not proper grounds to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).

On their merits, plaintiffs' arguments are also unhelpful. As to plaintiffs' first argument, the court disagrees that Texas law requires an award of prejudgment interest under the circumstances of the present case. Plaintiffs' second argument appears to be incorrectly premised on the idea that the court determined the demolition itself to have been unconstitutional. The court did not question the City's ultimate right to demolish property found to be a nuisance by the City Urban Rehabilitation Standards Board. The court merely found that the Fourth Amendment required the City to obtain a warrant before effectuating such demolition.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Alter or Amend Judgment (Doc. 60) is denied.

Dated this ___7___ day of October, 1997, at Topeka, Kansas.

**DALE E. SAFFELS**
United States District Judge

DES:MEC